
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 14 2014 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ORLANDO PAYNE,

        Plaintiff,

- against -

PAYBROOK RIVERTON ROSE ASSOCIATES, PAYBROOK CORP., AND SEIU LOCAL 32BJ,

        Defendants.

**JUDGMENTS, MEMORANDUM AND ORDER**

14-CV-1176
14-CV-1177

JACK B. WEINSTEIN, Senior United States District Judge:

**Appearances:**

For the Plaintiff:

    Orlando Payne
    3910 Seton Ave., Apt. #5
    Bronx, NY 10466
    *Pro Se*

For Defendant Rose Associates, Inc.:

    Todd Harris Girshon
    Jackson Lewis, LLP
    59 Maiden Lane, 39th Fl.
    New York, NY 10038-4502

    Orla McCabe
    Jackson Lewis, LLP
    666 Third Avenue
    New York, NY 10017



For Defendant Paybrook Riverton:

>Todd Harris Girshon
>Jackson Lewis, LLP
>59 Maiden Lane, 39th Fl.
>New York, NY 10038-4502

For Defendant SEIU Local 32BJ:

>Lyle Douglas Rowen
>SEIU, Local 32BJ
>25 West 18th Street
>New York, NY 10011

## I. Introduction

Plaintiff Orlando Payne, proceeding *pro se*, brought two actions, one against his employer, alleging that he was discriminated against in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* ("ADEA"), and one against his labor union, alleging breach of the duty of fair representation. The two cases are treated as one for purposes of this memorandum. By Order entered March 11, 2014, plaintiff was granted permission to proceed *in forma pauperis*. He submitted an Amended Complaint on April 8, 2014. After a hearing at which the plaintiff and a representative testified, the actions are dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

## II. Claims

The initial complaints alleged that plaintiff had been unlawfully discharged after he was found responsible for setting a fire in the plumbing shop of the apartment building where he was employed as a handy man. Born in 1957, he alleged discrimination on the basis of age, but he did not allege any facts supporting the claim. He was represented at an arbitration by his union. The arbitrator found against plaintiff.

2

Plaintiff was fired on November 11, 2011. Amend. Compl. at 7. He made multiple efforts to meet and speak to representatives of his union, SEIU Local 32BJ ("Union"). *Id.* at 16–17. He notes, "The Union (SEIU Local 32 BJ) was very nonchalant about my case." *Id.* at 4. He pleads that his Union representative, Mr. Monaco, and his Union lawyer, Eyad Asad, discouraged him from calling them and stopped taking his phone calls. *Id.* at 4,10. At the arbitration hearing on January 14, 2013, Mr. Asad would allegedly not allow plaintiff to bring evidence into the meeting or allow in a companion. *Id.* at 11–12. The Union, he says, "misrepresented me . . . and failed to properly defend me in the matter as a paying member." *Id.* at 15. He complains that Mr. Asad spoke so softly that he could not hear him, *Id.* at 11, and then failed to object to "inaccurate statements regarding my work performance." *Id.* at 12. Finally, plaintiff contends, the Union has failed to help plaintiff find alternative employment. *Id.* at 16–17. There is no basis for a claim. The Union has no hiring hall and does not find employment for its members.

Charges were properly filed, he says, with the New York State Division of Human Rights or the New York City Commission on Human Rights and the Equal Employment Opportunity Commission ("EEOC") on April 19, 2013. Compl. ¶¶ 9–10. Attached to his complaint is a one-page Dismissal and Notice of Rights mailed on December 13, 2013. The Notice states that the file was closed on the basis of "No Jurisdiction – Untimely files – Less than 300 days." *Id.* at 6.

### III. Standard of Review

Title 28, Section 1915(e)(2), of the United States Code provides that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2). A "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft*

3

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In deciding whether a pleading states a claim for relief, "a court must accept as true all factual allegations contained in a complaint but need not accept legal conclusions." *Halebian v. Berv*, 590 F.3d 195, 203 (2d Cir. 2009) (internal quotation marks and brackets omitted) (quoting *Iqbal*, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The "[f]actual allegations must be enough to raise a right to relief above the speculative level," and nudge a plaintiff's claims "across the line from conceivable to plausible," *Twombly*, 550 U.S. at 555, 570.

While *pro se* complaints are given large leeway, like other pleadings, they must contain sufficient factual allegations to meet the plausibility standard. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (applying the plausibility standard in an employment discrimination case brought by a *pro se* plaintiff). A document filed *pro se*, however, is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, should be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 419 U.S. 97, 106 (1976)). A *pro se* complaint must be read with "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994), and must be interpreted to raise the strongest claims it suggests. *See Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *Cuoco v. Moritsugu*,

222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

## IV. Discrimination Is Neither Alleged Nor Can It Be Shown

The ADEA makes it "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The prohibitions of the ADEA are "limited to individuals who are at least 40 years of age." 29 U.S.C. § 631(a).

The Amended Complaint fails to state a claim under the ADEA. Plaintiff has identified himself as a member of a protected class based on age, but he has not presented any facts indicating that he was discriminated against on the basis of his age. He stated that he received "unfair treatment because of my age", Amend. Compl. at 3, but he does not point to any facts suggesting that the Union's lack of assistance in his arbitration or in seeking new employment had anything to do with his age. He was dismissed for adequate business reasons: he had set a fire in one of his employer's buildings and walked away from the conflagration.

The court questioned him carefully. It was apparent that the termination had nothing to do with his age, but was based on his setting a fire.

## V. Breach of Duty of Fair Representation Claim is Time Barred

To the extent that plaintiff could bring a viable breach of the duty of fair representation claim under Section 301 of the Labor Management Relations Act and the National Labor Relations Act, 29 U.S.C. § 151 *et seq.*, the claim is untimely. It was not filed within six months of the alleged failure to represent. *See Carrion v. Enterprise Ass'n, Metal Trades Branch Local Union 638*, 227 F.3d, 29, 33 (2d Cir. 2000). The arbitration took place on January 14, 2013. A

decision was rendered against plaintiff on January 22, 2013. Amend. Compl. at 7. Plaintiff did not file the instant action until February 21, 2014, more than a year later.

## VI. Business Reason to Fire

It was apparent that setting a fire to create smoke to discourage flies in a workshop, as was the practice in plaintiff's native country, Panama, was ill advised. Tenants were frightened and the fire department responded. Whether he should have been treated more leniently after twenty-two years of service is not a matter this court has jurisdiction to decide.

## VII. Permission to Amend Denied

No valid complaint can be filed. Permission to amend is denied.

## VIII. Conclusion

Plaintiff has failed to allege a viable claim. He cannot prove a cause of action. Both actions are dismissed with no costs or disbursement.

SO ORDERED.

*[signature]*

Jack B. Weinstein
Senior United States District Judge

Date: September 23, 2014
Brooklyn, New York